*249 ORDER AFFIRMING ENROLLMENT COMMITTEE DETERMINATION
KATHARINE ENGLISH, Chief Judge.
I. ISSUE PRESENTED
Petitioners are appealing the Enrollment Committee’s decision to deny their applications for enrollment in the Confederated Tribes of the Grand Ronde Community of Oregon. Petitioners’ claims on appeal are (1) that the Enrollment Committee’s decision was arbitrary and capricious, or violated Petitioners’ constitutional rights under federal law because the Enrollment Committee retroactively applied the wrong version of the Tribal Constitution in making its enrollment determination. Petitioners claim that the Constitution in effect at the time a lineal ancestor’s blood quantum was changed should have been applied by the Enrollment Committee in its enrollment determination; (2) that the Enrollment Committee’s decision was arbitrary and capricious because the Enrollment Committee did not offer an explanation of reasons for denial of their enrollment applications; and (3) that their constitutional due process rights were violated when the Enrollment Committee rescinded its initial determination without providing the Petitioners an opportunity to respond prior to the recision.
II. BACKGROUND
On July 27, 1999, the Bureau of Indian Affairs (BIA) conducted an election by eligible Tribal members to amend the Tribal Constitution. At the election, the amendment was approved by a considerable majority of the Tribal membership. On September 14, 1999, the Secretary of the Interior approved the amendment and it became effective. The amendment altered and in certain respects increased, the Tribal membership requirements. Following the effective date of the amendment, the Tribal Enrollment Committee applied that amendment to pending applications for Tribal membership, including Petitioners’ applications filed on October 22, 1999, November 10, 1999, and November 30,1999.
The Enrollment Committee reviewed the enrollment applications and denied the applications because the Petitioners did not meet the new Constitutional enrollment requirement that they have a parent who was a Tribal member at the time of their birth. Petitioners were informed of the Enrollment Committee’s initial decisions by letters dated March 9, 2000. Petitioners requested the Enrollment Committee reconsider its decision by letter of Daniel Stroebel dated May 3, 2000. The Committee met to consider the appeals of its initial decisions by Petitioners and decided to uphold its earlier decisions of *250 denial Petitioners were informed of the Enrollment Committee’s decisions on reconsideration by letters dated June 5, 2000, signed by Margo Mercier, Enrollment Coordinator. Petitioners then appealed the Enrollment Committee’s decisions to this Court.
Petitioners have claimed, as set forth above, that the Enrollment Committee’s decision was wrong. Petitioners have asserted their claims and reasons why they believe the decision was in error. The Court assures Petitioners that it has read the record individually, and has carefully
III. STANDARD OF REVIEW
In these proceedings, the Court’s standard of review is limited. The Court can reverse or remand only if it finds that the Enrollment Committee’s decision was “arbitrary and capricious or a violation of Tribal Constitutional rights.” Enrollment Ordinance § (d)(4)(H).
IV. ANALYSIS
The many cases before the Court involve a myriad of facts and claims. As explained below, however, the Court has determined that the cases fall into two general categories: (1) those where the applications for enrollment were filed before the effective date of the Constitutional amendment, Le. September 14, 1999, and (2) those where the applications were filed after that date. Applicants whose eases fall in the first category are entitled to a remand to the Enrollment Committee to allow the Committee to reconsider the applications under the terms of the former Constitutional requirements for Tribal membership. Petitioner’s case falls into the second category and therefore Petitioners cannot prevail in this proceeding given the limitations on the Court’s scope of review and the deference to which the Tribe, its Tribal Council, and its Enrollment Committee are entitled.
Petitioners are not entitled to a remand or to have their application considered under the terms of the former Constitutional provision. Petitioners have advanced a number of claims, but none of them is legally persuasive and many of them do not fit within the Court’s limited standard of review.
Retroactive application of Constitutional Amendment I. Petitioners claim that the wrong law was applied. The argument appears to be that had the blood quantum been accurately determined earlier, the Constitution in effect at that time would have been applied; therefore it should have been applied to the current application. The Court disagrees. However, the Court determined in other cases, for other reasons, that the prior Constitution should have been applied. Those Petitioners received a discussion of when and why the prior Constitution should have been applied in their cases. The Court offers that discussion here to these Petitioners as a courtesy, and to assist in understanding the basis upon which those cases were remanded, and these Petitioners’ were not.
The reason for the distinction between those who are entitled to a remand and those who are not relates to the so-called presumption against retroactivity. The general rule is that, absent some affirmative evidence of a contrary intent, a change in the law or a new law is presumed to operate prospectively only. 21B Charles A. Wright and Kenneth W. Graham, Jr., Federal, Practice and Procedure, § 5124 at 591 (1977). See also Norman J. Singer, 2 Statutes and Statutory Construction, § 41:4 at 388 (6th ed 2001) (“Retrospective operation is not favored by the courts and a law will not be construed as retroactive unless the act clearly, by ex *251 press language or necessary implication, indicates that the legislature intended a retroactive application”) The presumption applies to constitutional amendments, as well as to legislative enactments. Nelson v. Ada, 878 F.2d 277, 280 (9th Cir.1989).
The rule is based on a principle of fairness.
“[T]he presumption against retroactive legislation is deeply rooted in our jurisprudence, and embodies a legal doctrine centuries older than [the federal] Republic. Elementary considerations of fairness dictate that individuals should have an opportunity to know what the law is and to conform their conduct accordingly; settled expectations should not be lightly disrupted. For that reason, the ‘principle that the legal effect of conduct should ordinarily be assessed under the law that existed when the conduct took place has timeless and universal appeal.’ ” Kaiser [Aluminum & Chemical Corp. v. Bonjorno], 494 U.S. [827], at 855, 110 S.Ct. 1570, 108 L.Ed.2d 842 [(1990)] (Scalia, J., concurring).
Landgraf v. USI Film Products, 511 U.S. 244, 265, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994). Singer, 2 Statutes and Statutory Construction, § 41:2 at 377(“It is a fundamental principle of jurisprudence that retroactive application of laws in usually unfair.”)
In determining whether a change in the law can operate retrospectively, a court’s “first task is to determine whether [those who enacted it] ha[ve] expressly prescribed the [new law’s] proper reach.” Id. at 280, 511 U.S. 244, 114 S.Ct. 1483, 128 L.Ed.2d 229. If those who enacted a new law have explicitly said that it should operate retroactively, then “there is no need to resort to judicial default rules.” Id.
“When, however, the [new law] contains no such express command, the court must determine whether the new [law] would have retroactive effect, i.e., whether it would impair rights a party possessed when he acted, increase a party’s liability for past conduct, or impose new duties with respect to transactions already completed. If the statute [or constitutional amendment] would operate retroactively, our traditional presumption teaches that it does not govern absent clear [evidence oil intent favoring such a result.” Id.
In these proceedings, the Court’s standard of review is limited. The Court can reverse or remand only if it finds that the Enrollment Committee’s decision was “arbitrary and capricious or a violation of Tribal Constitutional rights.” Enrollment Ordinance § (d)(4)(H). By definition, however, it is arbitrary and capricious to apply the wrong source of law — here the wrong constitutional provision — to a decision. See United Kingdom v. United States, 238 F.3d 1312, 1319 n. 8 (11th Cir.2001); United States v. Mietus, 237 F.3d 866, 870 (7th Cir.2001). The issue thus becomes whether the Enrollment Committee erred in applying the new Constitutional amendment to applications that were filed before the amendment became effective.
The Court finds that, as to those applications filed before the effective date of the Constitutional Amendment, the Enrollment Committee applied the wrong law. As to those cases filed after the effective date of the amendment, the Enrollment Committee applied the correct law.[1]
*252 The issues whieh then arise for Petitioners are whether the new Constitutional amendment, or the application of it to Petitioners’ case, is arbitrary or capricious or violates any Tribal Constitutional rights, or whether there are any other claims which support a reversal or remand in this case.
Blood Quantum. Petitioners contend that, in the past, the Tribe has made an error in computing blood quantum. Petitioners appear to aver that those errors led them not to apply for membership earlier, and that the Tribe had some independent obligation to correct the errors. Neither of these claims falls within the Court’s limited scope of review.
Petitioners assert that once the blood quantum was corrected, the Enrollment Committee should have applied the law in effect at the date on which his proper blood quantum should have been determined. Once again, mistakes made and not yet corrected at the time of application for membership cannot be remedied by this Court, and review of that error is not within the Court’s authority.
 Due Process and Equal Protection. The Tribe did not deprive Petitioners of due process by considering their applications under the new amendment. See American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 61, 119 S.Ct. 977, 143 L.Ed.2d 130 (1999) (under state workers’ compensation system, claimants do not have a property interest in payments for medical treatments for which they are eligible, but to which they are not yet entitled). Applying the new amendment also did not result in any equal protection violation. The Tribe has the right to define its own membership for tribal purposes, Santa Clara Pueblo v. Martinez, 436 U.S. 49, 72 n. 32, 98 S.Ct. 1670, 56 L.Ed.2d 106 (1978), and the Tribe was simply exercising that right, and drawing reasonable distinctions, when its members voted to amend the Constitution.
Enrollment Committee Negligence. In addition, Petitioners claim that the Tribe was negligent in its duty to notify them and advise them of their right to apply for membership, or in the gathering of and recording of materials to support the application, or in other ways derelict in its duty. Even if the Tribe has such a duty, this Court has no legal authority to determine or remedy alleged Tribal negligence.
That the Court has not accepted the arguments and pleas of many of the Petitioners in these cases does not mean that the Court is not moved by Petitioners’ often poignant complaints that families have been split, with some in the Tribe and some not, and that individuals have been cut off from a Tribe and a heritage that is meaningful and significant to them. But it is the Tribe’s responsibility to define its membership, not the Court’s. If those pleas are to have any effect, they must be made to the Tribal leadership and to the Tribal members who have the authority to shape the membership and the future of the Tribe. The Court has neither that responsibility nor that authority. The Court can only enforce the law, as it has done in this opinion and in these cases
V. CONCLUSION
The Enrollment Committee’s decision to deny Petitioners’ enrollment applications was not arbitrary and capricious or a violation of Petitioners’ Constitutional rights. IT IS HEREBY ORDERED:
The decision by the Enrollment Committee is affirmed.

. A continuing analysis of this issue is available in the Court's opinions in cases in which the Petitioner prevailed, and the case was reversed and remanded, because the application was filed before the effective date of the amendment. These opinions can be found on the internet (wwiv.grandronde.org) or by calling the Tribal Court.